UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.P., by and through her guardians C.P. and D.P.,<br><br>Plaintiffs,<br><br>v.<br><br>SEATTLE PUBLIC SCHOOLS, a quasi-municipal corporation.<br><br>Defendant. | No.<br><br>**COMPLAINT AND PETITION FOR REVIEW OF INDIVIDUALS WITH DISABILITIES EDUCATION ACT DUE PROCESS DECISION** |

Plaintiffs bring this action to appeal the Order on Cross Motions for Summary Judgment ("Order") issued by Administrative Law Judge Dana Diederich on January 13, 2025, in a due process proceeding under the Individuals with Disabilities Education Act (IDEA). This appeal is made pursuant to 20 U.S.C. 1415(i)(2), which authorizes "any party aggrieved by the findings and decision" within a due process proceeding "to bring a civil action with respect to the complaint."



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

Simply put, the underlying Due Process complaint required the ALJ to apply clearly established Ninth Circuit law – that special education students in Washington are entitled to receive services until their twenty-second birthday[1] – and find the Seattle Public School's ("the District" or "SSD[2]") failure to do so for S.P. denied her a "free appropriate public education" ("FAPE").

Instead, at the urging of the District, the ALJ issued an order that is untethered from first principles of American jurisprudence. The Order failed to follow and apply binding precedent, failed to recognize the supremacy of federal laws, and failed to give retroactive effect to binding judicial interpretations of those laws. As described herein, each of the identified legal conclusions reached by the ALJ are incorrect as a matter of law. As such, this Court must accept this petition, reverse the Order which granted summary judgment on behalf of the District, and remand to OAH for entry of partial summary judgment on S.P.'s behalf and for consideration of the harm S.P. experienced following SSD's failure to comply with federal law.

## I. PARTIES

1. Petitioner S.P. is a former student of Seattle Public Schools. Petitioners C.P. and D.P. are the biological/legal parents of S.P. and possess a court-ordered legal guardianship over S.P.. C.P. and D.P. have the right to file lawsuits on behalf of S.P. To protect S.P.'s privacy, only her initials and her parents' initials are used. S.P. was a student with a disability as that term is defined under the IDEA, and until the end of the 2022-2023 school year – the

---

[1] As discussed in detail below, students in Washington are entitled to services until their twenty-second birthday because Washington provides "free public education" to nondisabled peers in that same age range. *See N.D. v. Reykdal,* 102 F.4th 982, 994 (9th Circ. 2024).

[2] To avoid confusion with S.P.'s initials.



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

year in which she turned twenty-one – was eligible for special education and related services by SSD.

2. At all relevant times, S.P. has resided with her parents within the District's boundary.

3. SSD is first class school district, a "*quasi*-municipal corporation," and an arm of the State of Washington. SSD receives federal funding under the IDEA. It maintains its headquarters and principal place of business in King County, Washington.

## II. JURISDICTION AND VENUE

4. This appeal of the Order arises under the Individuals with Disabilities Education Act ("IDEA") 20 U.S.C. §1400 et. seq.; 28 U.S.C. §§ 2201 and 2202; and the regulations promulgated thereunder. This Court possesses jurisdiction over the appeal pursuant to 20 U.S.C. § 1415(i)(2). Petitioners have exhausted their administrative remedies, and the Order on appeal constitutes a final agency action.

5. All acts and omissions at issue occurred in the Western District of Washington. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## III. FACTUAL ALLEGATIONS

**S.P.'s Education**

6. S.P. was a student with disabilities who previously qualified for special education and related services under the category of Other Health Impairment. She has been diagnosed with Hydrocephalus, Seizure Disorder, and Cerebral Palsy. Between the 2020-2021 and the 2023-2024 school year, S.P. attended the District's transition program, known as BRIDGES.

7. S.P.'s Individualized Education Program (IEP) was extensive. It included specially designed instruction (SDI) in adaptive/life skills, functional math, functional reading,



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

functional written language, and social behavior. It included related services in speech and physical therapy.

8. Prior to the 2022-2023 school year, the family expressed significant concerns regarding S.P.'s special education programming. As a result, the family reached an agreement with the District on or around December 20, 2022, in which the District agreed to provide "compensatory education to Student in the form of an additional year of transition programming for the 2023-2024 school year."

9. S.P. was exited from Special Education in June of 2023, corresponding to the end of the school year in which S.P. turned twenty-one years old.

10. However, under the terms of the December 20, 2022 settlement agreement, S.P. continued to receive "compensatory education" from the District during the 2023-2024 school year. S.P.'s enrollment history reflected this unusual situation, which stated, "Student over age 21 as of 8/31/23, must be enrolled for recovery services only."

11. The services provided to S.P. as part of the settlement agreement do not satisfy the District's underlying obligation to provide FAPE to students. Compensatory education is designed to make up for past failures to provide FAPE, not to replace ongoing obligations to provide FAPE.

12. S.P. turned twenty-two years old in August of 2024.

**Availably of Free Public Education to Adult Students in Washington**

13. As outlined in Parent's Motion for Partial Summary Judgment, Washington provides free public education to students of all ages.

14. Washington's community and technical colleges are empowered to "issue a high school diploma or certificate" to adults who meet the requirements for high school



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

completion. RCW § 28B.50.535(1). The requirements for high school completion are adopted by "the superintendent of public instruction and the state board of education." *Id.*

15. Additionally, the Washington State Board for Community and Technical Colleges (SBCTC) is charged with adopting rules governing the eligibility of persons over sixteen "to take a test to earn a high school equivalency certificate, rules governing the administration of the test, and rules governing the issuance of a high school equivalency certificate to persons who successfully complete the test." RCW § 28B.50.536(1); *see also* WAC 131-48 - 020 (rules setting forth "policies and procedures governing the administration of the high school equivalency test and the issuance of high school equivalency certificates for persons who have not graduated from high school and are not enrolled in a regular or alternative high school program"). "A high school equivalency certificate is a certificate issued jointly by the college board and the office of the superintendent of public instruction that indicates that the holder has attained standard scores at or above the minimum proficiency level prescribed by the college board on a high school equivalency test." RCW § 28B.50.536(2).

16. SBCTC implements the above statutes and regulations, in part, through its "Basic Education for Adults" (BEdA) program. State and federal taxpayers provide funding for these programs. SBCTC has testified that "secondary education is one of the core services that basic education for adults through SBCTC provides."

17. At all relevant times, at least two of those programs provide secondary education to nondisabled students of all ages without charge and at public expense. The first, called High School Plus ("HS+"), allows students to obtain a regular high school diploma by taking adult basic education courses and college classes that substitute for high school requirements. The HS+ program is described as "the state's competency-based high school diploma program." Successful completion of the HS+ program "renders a high school



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

diploma." The high school diplomas awarded by HS+ are the same as those awarded by secondary schools in Washington. According to SBCTC's website, "adults demonstrate competencies in reading, writing and math contextualized in science, history, government, occupational studies, and digital literacy." The colleges that run the HS+ programs fund those programs through their funds allocated to them by the Washington Legislature and may charge $25 for "tuition" each quarter, although that amount can be waived, as discussed below.

18. The second program provides classes to prepare students for the GED® high-school equivalency examination. The GED is a four-part test that, once successfully completed, shows that the student has "the same level of knowledge as a high school graduate." SBCTC claims that "most colleges and employers accept the GED credential as being equivalent to a high school diploma. Earning a GED credential opens doors to college and better jobs." The state of Washington recognizes the GED as equivalent to a high school diploma. GED programs may also charge the same $25 "tuition."

19. However, Washington also provides those services free to thousands of students annually. SBCTC mandates that there be a process for waiving tuition payments. In fact, tuition was waived for nearly half (42%) of students who have accessed BEdA classes during the 2021-2022 school year.

20. By way of further example, data from SBCTC confirms that between the 2019-2020 school year and the 2021-2022 school year, 70,887 BEdA students have accessed public secondary education from the State of Washington completely free of charge.

///

///

///



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

**The ALJ Erred in Denying Partial Summary Judgment to S.P.**

21. The IDEA mandates the provision of FAPE to all eligible students with disabilities between the ages of 3 and 21, inclusive, meaning students are entitled to services until their twenty-second birthday. 20 U.S.C. § 1412(a). SSD's failure to comply with this obligation violated federal law and denied S.P. FAPE.

22. For decades, Washington has relied on 20 U.S.C. § 1412(a)(1)(B)(i), an exception contained within the IDEA that permits states to prematurely age out students if providing services to those students would be "inconsistent with state law or practice." 20 U.S.C. § 1412(a)(1)(B)(i).

23. At all relevant times, the exception contained within 20 U.S.C. § 1412(a)(1)(B)(i) has not and does not apply to students in Washington.

24. *E.R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982 (9th Cir. 2013) and *N.D. v. Reykdal*, 102 F.4th 982 (9th Cir. 2024) are the two leading cases interpreting 20 U.S.C. § 1412(a)(1)(B)(i) in the Ninth Circuit.

25. *E.R.K.* held "we interpret § 1412(a)(1)(B)(i) to mean that Hawaii cannot deny special education to disabled students aged 18 through 21 if it in fact provides 'free public education' to nondisabled students in that range of ages." *E.R.K.,* 728 F.3d at 987. The Court further held that Hawaii's system of adult schools and GED preparation courses constituted "free public education."

26. After confirming they were "bound by *E.R.K.'s* interpretation of section 1412(a)(1)(B)(i)," the Ninth Circuit in *N.D.* held that a group of students were "highly likely to succeed on the merits of their claim" that they were prematurely exited from special education because Washington does not fall within the exception found in Section 1412(a)(1)(B)(i), as it provides "free public education" to nondisabled students in that age



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

range. *N.D.*, 102 F.4th at 993 and 994. "It cannot be said that providing free public education to 21-year-olds is 'inconsistent with State law or practice.' To the contrary, Washington 'in fact provides 'free public education' to nondisabled students' of age 21 and older." *N.D.,* 102 F.4th at 994 (internal citations omitted) (citing *E.R.K.*, 728 F.3d at 987).

27. The District Court for the Western District of Washington, the Honorable Lauren King on remand from the Ninth Circuit in *N.D.*, issued the following declaratory judgment on July 10, 2024:

> (c) Section 28A.155.020 of the Revised Code of Washington and Section 392.172A.020000 of the Washington Administrative Code are invalid as contrary to the IDEA to the extent they do not ensure eligible students receive a FAPE until they turn 22.

*N.D. v. Reykdal,* 2:22-cv-01621-LK, 2024 WL 3358743 (W.D. Wash., July 10, 2024) at 7. On November 22, 2024, the District Court issued another declaratory judgment, stating:

> [T]he state's policy of aging students out of special education at the end of the school year in which they turn 21 pursuant to Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000(2)(c) presently violates the IDEA, has violated the IDEA at all times during the two years preceding the filing of this lawsuit, and will continue to violate the IDEA absent a substantial change in the state's policies for charging and waiving tuition for its adult secondary education programs.

*N.D. v. Reykdal,* 2:22-cv-01621-LK, 2024 WL 4875055 (W.D. Wash., November 22, 2024).

28. Despite the Ninth Circuit's controlling precedence in *E.R.K.,* reaffirmed in *N.D.*, establishing that a state cannot deny special education services to disabled students aged 18 through 21 inclusive if it provides "free public education" to non-disabled students in that range, SSD prematurely exited S.P. from special education services upon her twenty-first birthday. This decision denied S.P. a FAPE.



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

29. In its defense, SSD relies on Wash. Rev. Code § 28A.155.020 and Wash. Admin. Code § 392.172A.02000(2)(c), the state's age-out provisions. Those provisions have already been declared invalid by this District Court.

30. Under the Supremacy Clause of the U.S. Constitution, federal law takes precedence over conflicting state statutes or practices. As such, SSD's reliance on Washington's age-out statute Wash. Rev. Code 28A.155.020, which has always conflicted with its federal obligations under the IDEA, does not shield it from liability.

31. The ALJ erred in not applying the facts of this case to the relevant Ninth Circuit law. The ALJ failed to evaluate whether SSD prematurely exited S.P. prior to her twenty-second birthday, as it was required to do under *E.R.K.,* 728 F.3d 982. That fundamental error requires reversals.

32. The ALJ further erred by implying *N.D.* did not apply "retroactively to regarding school districts." A federal court's interpretation of a law applies retroactively to all pending cases. *Rivers v. Roadway Exp.,* 511 U.S. 298, 312 (1994) ("[a] judicial construction of a statute is an authoritative statement of what the statute meant *before* as well as after the decision of the case giving rise to that construction") (emphasis added). The District provided no compelling evidence nor reasons why it, the entity which actually denied S.P. FAPE, would be shielded from liability under the IDEA.

33. As an entity which receives funding under the IDEA, and as an arm of the State, the District is required to comply with the IDEA. 20 U.S.C. § 1412(a)(1)(a) and 20 U.S.C. § 1413(a)(1).

34. The IDEA provides an appeal of the ALJ Decision as a matter of right. Specifically, 20 U.S.C. § 1415(i)(2)(A) states:



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

> Any party aggrieved by the findings and decision made under subsection (f) or (k) who does not have the right to an appeal under subsection (g), and any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy.

35. This right to appeal is also set forth in the Washington Administrative Code at Wash. Admin. Code § 392-172A-05115(1), which states:

> Any party aggrieved by the findings and decision made under WAC 392-172A-05105 through 392-172A-05110 or 392-172A-05165 has the right to bring a civil action with respect to the due process hearing request. The action may be brought in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy.

36. The Plaintiff brings this appeal pursuant to the above-stated provisions.

37. If Plaintiff's appeal is successful, Plaintiff will be entitled to attorney's fees and costs for the matter that gives rise to this appeal as well as the appeal. Accordingly, pursuant to 20 U.S.C. § 1415(i)(3)(B), Plaintiff requests the Defendant be ordered to reimburse Plaintiff for all attorney's fees and costs accrued to as it relates to the underlying action that gives rise to this appeal and any matters related to this appeal.

## IV. CAUSE OF ACTION

### ADMINISTRATIVE APPEAL PURSUANT TO 20 U.S.C. § 1415(i)(2)(A)

38. The factual allegations set forth in the above paragraphs are incorporated by reference.

39. Pursuant to the IDEA, Defendant denied Student a FAPE between June 2023 and her twenty-second birthday, August 5, 2024.



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

40. As a recipient of Federal funding under the IDEA, the District is obligated to comply with the federal mandates of that program. 20 U.S.C. § 1412(a)(1)(a) and 20 U.S.C. § 1413(a)(1).

41. The issuance of the Order is reversible error because ALJ Diedrich failed to apply *E.R.K.*, which held that a state providing free public education to nondisabled students aged 18 to 21 inclusively must also provide FAPE to similarly aged students with disabilities. Washington's adult education programs meet this standard.

42. The ALJ also erred in her reliance on Wash. Rev. Code 28A.155.020 and Wash. Admin. Code 392-172A-02000(2)(c), Washington's invalidated age-out statute and regulation, to justify the termination of special education services upon the student reaching age 21. This reliance is incompatible with federal law under the Supremacy Clause of the U.S. Constitution, which holds that state laws are preempted to the extent that they conflict with federal law and judicial interpretations thereof. The Ninth Circuit's *E.R.K.* and *N.D.* decisions and the District Court's declaratory judgment make clear that students in Washington are entitled to receive services until their twenty-second birthday.

43. ALJ Diedrich's failure to apply *N.D.* to this case resulted in an erroneous grant of summary judgment in favor of the Defendant. Under longstanding federal law, judicial interpretations of federal law apply retroactively to all cases pending at the time of the decision. The ALJ disregarded this principle, failing to recognize that Washington's discriminatory age-out policy was unlawful at all relevant times.

44. The ALJ's belief that S.P. could seek relief through alternative forums is no basis for granting summary judgment on behalf of the Defendant.

45. Plaintiffs assign error to Conclusions of Law 17 through 23.



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

46. The Plaintiffs are aggrieved by the Order, are entitled to appeal that decision, and should, on appeal, be deemed the prevailing party.

47. As prevailing party, the Parents are entitled to their reasonable attorneys' fees and costs.

## V. REQUEST FOR RELIEF

48. Based on the foregoing, the Plaintiffs request:

A. that the Court reverse the erroneous legal rulings in ALJ Diedrich's Order;

B. that the Court reverse the entry of summary judgment on behalf of the Defendant

C. that the Court enter partial summary judgment on behalf of the petitioner that the Defendant denied S.P. a free appropriate public education under the IDEA.

D. that the Court awards Plaintiffs their recoverable costs and reasonable attorneys' fees incurred in the underlying special education due process action and in the instant appeal and any additional fees incurred in this action to prosecute and enforce their right to an award of attorneys' fee pursuant to 20 U.S.C. § 1415(i)(3)(B);

E. that the Court remand to the Office of Administrative Hearings for further proceedings,

F. and, as justice dictates, for the Court to grant any other relief deemed just or equitable.

Dated: February 13, 2025.

Respectfully submitted,

CEDAR LAW PLLC



CEDAR LAW PLLC
600 1st Ave., Ste 330, PMB 96563,
Seattle, WA, 98104
t. 206-607-8277 f. 206 237-9101

By: */s/ Alex Hagel*

Alex Hagel, WSBA 55423
alex@cedarlawpllc.com
600 1st Ave., Ste 330, PMB 96563
Seattle, WA 98104
Telephone: (206) 607-8277
Facsimile: (206) 237-9101

*Attorney for Plaintiffs*

WASHINGTON STATE
OFFICE OF ADMINISTRATIVE HEARINGS

| | |
|---|---|
| In the matter of:<br><br>Seattle School District | Docket No. 09-2024-OSPI-02347<br><br>ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>Agency: Office of Superintendent of Public Instruction<br>Program: Special Education<br>Cause No. 2024-SE-0124 |

The Parents of the Adult Student (Student) whose education is at issue[1] filed a Motion for Partial Summary Judgment on November 4, 2024. The Seattle School District (District) filed a response on November 19, 2024. The Parents filed a reply on November 22, 2024. The District filed a sur-reply on December 6, 2024.[2] Both parties presented argument during a motion hearing held on December 20, 2024. The Parents are represented by Alexander Hagel and Lara Hruska, attorneys at law. The District is represented by Susan Winkelman, attorney at law.

Prior orders remain in effect unless otherwise specifically stated.

Based upon the pleadings and documents on file, the following Order is entered:

EVIDENCE CONSIDERED

The arguments of the parties and the following pleadings and declarations were considered in ruling on the motion:

1. Parents' Motion for Partial Summary Judgment;
2. Declaration of Alex Hagel and attached Exhibit A;
3. Declaration of Parent and attached Exhibits A through D;
4. District's Response to Parents' Motion for Partial Summary Judgment;
5. Declaration of Susan Winkelman in Support of District's Response to Motion for Summary Judgment and attached Exhibits A through C;
6. Parents' Reply in Support of Their Motion for Partial Summary Judgment;
7. District's Sur-Reply to Parents' Motion for Summary Judgment.

[1] To ensure confidentiality, names of parents and students are not used.

[2] The District's response and sur-reply seek summary judgment in favor of the District and are considered to be a Cross Motion for Summary Judgment.



Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489
(800) 845-8830
(206) 587-5135 FAX

## FINDINGS OF FACT

1. The Student's date of birth is August 5, 2002. Parent Decl. ¶2. The Student received early intervention services through the birth to three program starting in 2002. Parent Decl. ¶3. After that, the Student qualified for special education services. *Id.*

2. The Student has attended school in the District since 2008. Winkelman Decl. ¶2, Ex. A.

3. The Student's February 17, 2022 Individualized Education Program (IEP) included specially designed instruction (SDI) in adaptive/life skills, functional math, functional reading, functional written language, and social behavior. It included related services in speech and physical therapy. Winkelman Decl. ¶3, Ex. B, p.33. The IEP indicated the Student was not eligible for extended school year (ESY) services. *Id.* at 35.

4. June 2023 was the end of the school year in which the Student turned 21 years old. Parent Decl. ¶8.

5. On December 20, 2022, the Parents entered into a settlement agreement with the District regarding the Student's special education services. The settlement agreement stated the District would give the Student compensatory education in the form of an additional school year of transition programming for the 2023-2024 school year. Parent Decl. ¶¶4-6, Ex. A.

6. The Student's February 16, 2023 IEP provided SDI and related services in the same areas as the February 2022 IEP, and indicated the Student was not eligible for ESY services. Winkelman Decl. ¶4, Ex. C pp.38, 40; Parent Decl. ¶7. Ex. B, pp.38, 40. The February 2023 IEP reflected that the Student "was granted an additional year of school due to compensatory services. Therefore [the Student] will graduate in June of 2024." Winkelman Decl. ¶4, Ex. C p.31; Parent Decl. ¶7. Ex. B, p.31.

7. Although the Student was "exited" from special education services in June 2023, she remained enrolled in the District for the 2023-2024 school year and received the compensatory services set out in the settlement agreement. The Student's enrollment history reflected this in a note that stated: "Student over age 21 as of 8/31/23, must be enrolled for recovery services only." Winkelman Decl. ¶2, Ex. A, p.1.

8. The Student's enrollment in the District ended on June 22, 2024. *Id.*



Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489
(800) 845-8830
(206) 587-5135 FAX

9. At some point before July 16, 2024, the Parents asked the District if it would allow the Student to continue to access school until she turned 22 years old, on August 5, 2024. Parent Decl. ¶¶2, 9.

10. The District responded on July 16, 2024, offering to provide the Student with 12 days of compensatory education services. Parent Decl. ¶10, Ex. D. The Parents rejected that offer. Parent Decl. ¶11, Ex. D.

## CONCLUSIONS OF LAW

1. The Office of Administrative Hearings (OAH) has jurisdiction over the parties and subject matter of this action for the Office of the Superintendent of Public Instruction as authorized by 20 USC § 1401 et. seq. (Individuals with Disabilities Education Act (IDEA)), Chapter 28A.144 Revised Code of Washington (RCW), Chapter 34.05 RCW, Chapter 34.12 RCW, and the regulations promulgated thereunder, including 34 Code of Federal Regulations (CFR) § 300 et. seq., Chapter 392-101 Washington Administrative Code (WAC), and Chapter 392-172A WAC.

### Summary Judgment Standard

2. Summary judgment is appropriate if the written record shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. WAC 10-08-135. For purposes of summary judgment, a material fact is one on which the outcome of the litigation depends. *Int'l Ass'n of Firefighters, Local 1789* v*. Spokane Airports*, 146 Wn.2d 207, 223, 45 P.3d 186 (2002). The tribunal must consider all evidence and all reasonable inferences that can be drawn from that evidence in a light most favorable to the nonmoving party. *Id.* Summary judgment is appropriate "only if, from all the evidence, reasonable persons could reach but one conclusion." *Nationwide Mutual Fire Insurance Co.* v. *Watson*, 120 Wn.2d 178, 186, 840 P.2d 851 (1992).

3. The party moving for summary judgment bears the burden of showing that there is no genuine issue as to any material fact. *Vallandingham* v*. Clover Park Sch. Dist*., 154 Wn.2d 16, 26, 109 P.3d 805 (2005). If the moving party satisfies its burden of producing evidence establishing it is entitled to judgment as a matter of law, the burden shifts to the nonmoving party, which "must present evidence that demonstrates that material facts are in dispute. . . . If the nonmoving party fails to do so, then summary judgment is proper." *Id.*

4. The only issue in this case is whether the District denied the Student a FAPE by "failing to fulfill its underlying FAPE obligation to the Adult Student between August



Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489
(800) 845-8830
(206) 587-5135 FAX

2023 and her twenty-second birthday, and instead only providing compensatory education pursuant to a settlement agreement."[3] *Prehearing Order*, October 17, 2024.

5. Neither party claims material facts are in dispute. The undisputed facts establish that the Student was "exited" from special education in June 2023, but received special education services as compensatory education during the 2023-2024 school year pursuant to a settlement agreement. No services were provided after June 2024. Both parties claim that they are entitled to judgment as a matter of law based on these undisputed facts. The Parents contend that the District was required to provide the Student a FAPE until she turned 22 on August 5, 2024, and failed to do so. Therefore, they claim the only issue to be resolved at hearing is how to remedy this FAPE denial. The District contends it was not required to provide the Student with FAPE during the 2023-2024 school year because Washington law in effect at the time did not require it to do so.

Washington Law Regarding FAPE Requirement

6. States eligible for federal funding under the IDEA must ensure that a "free appropriate public education is available to all children with disabilities residing in the State between the ages of 3 and 21, inclusive . . . ." 20 USC § 1412(a)(1)(A). However, there is an exception to this requirement. States are not required to make FAPE available to disabled students until their 22nd birthday if doing so would be "inconsistent with State law or practice . . . respecting the provision of public education to children in those age ranges . . .." 20 USC § 1412(a)(1)(B)(i).

7. Until recently, Washington state law provided that disabled students were no longer eligible for special education services once they reached the end of the school year in which they turned 21. RCW 28A.155.020 and WAC 392-172A-02000(2)(c). However, the "cutoff" age for special education services in Washington state has been the subject of litigation against the Office of Superintendent of Public Instruction and the Superintendent of Public Instruction (collectively "OSPI"), which is the primary agency responsible for overseeing public K-12 education in Washington. *N.D. v. Reykdal*, 102 F.4th 982, 988 (9th Cir. 2024). In an action against OSPI in the United States District Court for the Western District of Washington, two students claimed that the cutoff age for special education denied them access to FAPE. They sought provisional class certification of students at risk of losing special education services due to their age, and a preliminary injunction requiring OSPI to provide special education programming for students in the class until they reached the age of 22. *Id*.

---

[3] The Parents withdrew the second issue for hearing. *Motion* at 2.



Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489
(800) 845-8830
(206) 587-5135 FAX

8. After the preliminary injunction was denied, the students appealed to the Ninth Circuit Court of Appeals. *Id.* at 989.The court considered the four factors a plaintiff must establish to obtain a preliminary injunction, the first being the likelihood of success on the merits. *Id*. at 991-92. In this context, the court considered OSPI's argument that Washington state was not required to provide FAPE to disabled 21-year-olds because it was covered by the exception in 20 USC § 1412(a)(1)(B)(i). *Id.* at 992.

9. In determining whether the exception applied in Washington state, the court turned to its decision *E.R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982 (9th Cir. 2013). *N.D.,* 102 F.4th at 992-93. In *E.R.K*., the court considered a Hawaii law that denied public education to all students (general and special education) 20 years old and older. *E.R.K.,* 728 F.3d at 984-85. Based on its interpretation of the exception in 20 USC § 1412(a)(1)(B)(i), the court concluded that the state of Hawaii "cannot deny special education to disabled students aged 18 through 21 if it in fact provides `free public education' to nondisabled students in that range of ages." *E.R.K.,* 728 F.3d at 987. Ultimately, the court determined that a "free public education" was available to nondisabled students over 18 who lacked a high school diploma through two tuition free programs offered by the state of Hawaii's Community Schools for Adults. *Id*. at 988-92. The court held that as long as Hawaii continued to offer these programs, "the IDEA requires the state to continue to provide a free and appropriate public education to disabled students who have not yet obtained the age of 22." *Id.* at 993.

10. In *N.D.*, the court concluded that it was bound by *E.R.K.'s* interpretation of the exception in 20 USC § 1412(a)(1)(B)(i), under which a state cannot deny special education to students aged 18 through 21 who have a disability if it provides "free public education" to nondisabled students in that range of ages. *N.D.,* 102 F.4th at 993. Pointing to RCW 28A.225.160(1), the court discussed that Washington does not provide ordinary secondary schooling to 21-year-olds. It does, however, provide two adult education programs, High School+ and GED programs, open to students that age. OSPI acknowledged that these adult education programs constitute "public education," but argued that they did not constitute "*free* public education" because participants were required to pay tuition of $25 per quarter. *Id.*

11. The court concluded that the students made a showing that Washington offers "free public education" to nondisabled 21-year-olds, noting that "Tens of thousands of Washington students participate in the High School+ and GED programs at zero cost—receiving `free' education under any definition of that word—because they have been granted waivers of the $25 tuition fee." *Id.* at 994. As a result, the court determined that the exception in 20 USC § 1412(a)(1)(B)(i) is inapplicable in Washington. *Id.*



Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489
(800) 845-8830
(206) 587-5135 FAX

12. Ultimately, the court concluded that the students had met all four requirements to obtain a preliminary injunction. Therefore, on May 22, 2024, the court vacated the District Court's decision and remanded the matter for further proceedings, including entry of a preliminary injunction. *Id.* at 996.

13. On July 10, 2024, the District Court, on remand, certified a provisional class and enjoined "OSPI from enforcing the age-out provisions" in RCW 28A.155.020 and WAC 392-172A.02000(2)(c). *N.D. v. Reykdal*, 2024 U.S. Dist. LEXIS 121374, *19 (W.D. Wash., July 10, 2024). The court also issued a declaratory judgment that OSPI's refusal to ensure the provision of FAPE to the plaintiff and members of the provisional class on account of their age violated the IDEA and that RCW 28A.155.020 and WAC 392-172A-02000(2)(c) are invalid to the extent they do not ensure eligible students receive a FAPE until they turn 22. *Id.* at *18.

14. On November 20, 2024, the District Court issued an order preliminarily approving a settlement agreement. *N.D. v. Reykdal*, 2024 U.S. Dist. LEXIS 211397 (W.D. Wash., Nov. 20, 2024). The court also issued the following declaratory judgment:

> [T]he state's policy of aging students out of special education at the end of the school year in which they turn 21 pursuant to [RCW 28A.155.020 and WAC 392.172A.02000(2)(c)] presently violates the IDEA, has violated the IDEA at all times during the two years preceding the filing of this lawsuit, and will continue to violate the IDEA absent a substantial change in the state's policies for charging and waiving tuition for its adult secondary education programs.

*Id.* at *32-33.

15. In granting preliminary approval of the settlement agreement, the court discussed the proposed relief to class members and determined it was adequate. *Id.* at *25. The court discussed that the settlement agreement provides benefits to class members:

> including requiring LEAs [local education agencies] to reconvene IEP teams for all students in the class who wish to receive an award of compensatory education; awards compensatory education according to the recommendations of their IEP teams; and allows student to receive monetary compensation in lieu of compensatory education if the student, the IEP team, and the LEA agree. . . . Plaintiffs argue, and



Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489
(800) 845-8830
(206) 587-5135 FAX

> Defendants do not dispute, that using individual IEP teams to determine compensatory education for class members provides an effective means of determining individual compensatory education awards and alleviates the need for the parties to potentially litigate those issues for all class members. . . . Plaintiffs note that the IEP teams are better positioned to provide individualized review of each class member[']s[] needs by a team familiar with both the student and the resources available to the specific LEA. . . . Class members also retain the right to challenge a decision regarding proposed compensatory education, thereby providing procedural safeguards. . . .

*Id.* at *24-25 (internal quotation marks and citations omitted.)

16. In response to questioning from the ALJ during argument, counsel for the Parents clarified that the Student is a member of the class in the *N.D.* litigation. Counsel for the District subsequently clarified that the District has sent a letter offering an IEP meeting for the Student to discuss compensatory education for the Student based on the preliminarily accepted settlement agreement.

<u>Analysis</u>

17. RCW 28A.155.020 and WAC 392-172A.02000(2)(c) were in effect when the Student was "exited" from special education services in June 2023. The District argues that it cannot be found to have violated the IDEA by complying with a statute and a regulation that had not been determined to conflict with the IDEA. The Parents contend that both provisions were later invalidated by decisions in the *N.D.* litigation, thus establishing that the District violated the IDEA and denied the Student FAPE when it prematurely exited her from special education services.

18. The Parents have not offered any authority to establish that decisions invalidating RCW 28A.155.020 and WAC 392-172A-02000(2)(c) applied retroactively regarding school districts. As discussed above, the plaintiffs in *N.D.* brought litigation against OSPI; no individual school districts were named. Moreover, *N.D.* declared that "the state's *policy* of aging students out of special education at the end of the school year in which they turn 21 pursuant to [RCW 28A.155.020 and WAC 392.172A.02000(2)(c)] presently violates the IDEA, has violated the IDEA at all times during the two years preceding the filing of this lawsuit, and will continue to violate the IDEA absent a substantial change in the state's policies for charging and waiving tuition for its adult secondary education programs." *N.D.*, 2024 U.S. Dist. LEXIS 211397 at *32-33 (emphasis added.). The court did not consider or make a ruling on whether



Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489
(800) 845-8830
(206) 587-5135 FAX

individual school districts violated the IDEA by complying with state policy and law in effect at the time.

19. The Parents argue that regardless of whether RCW 28A.155.020 and WAC 392-172A-02000(2)(c) were in effect when the Student was exited from special education, the 2013 decision in *E.R.K.* made clear that the District was required to provide FAPE to students until they reached their twenty-second birthday. This claim is not persuasive. In *E.R.K.,* the court considered a Hawaii law. The law was invalidated based on the Court's determination that Hawaii, in fact, made a "free public education" available to nondisabled students over 18 through two tuition free programs offered by its Community Schools for Adults. *E.R.K.,* 728 F.3d at 991-92. *E.R.K.* did not consider Washington law or decide whether Washington offered "free public education" to nondisabled students between 18 and 21.

20. Moreover, there is no merit to the Parents' contention that the District was obligated to make its own determination of whether the state of Washington provided "free public education" to nondisabled students through its adult education programs. The Parents appear to suggest that had it done so, the District would have reached the obvious conclusion that it was required to provide FAPE to students until they reached age 22. Motion at 16-17; Reply at 3-4. This argument ignores the fact that the Ninth Circuit devoted significant time to analyzing this very issue. *N.D.,* 102 F.4th at 982. While OSPI conceded in *N.D*. that the adult education programs offered by the state constituted "public education," it contended that these programs were not "*free* public education." The court expressly noted that the word "free" in "free public education" could not be lightly disregarded. *Id*. at 993. The Parents' argument also ignores the fact that regardless of how the District interpreted the holding in *E.R.K*., OSPI is responsible for overseeing K-12 education in Washington state. As the District points out, it "is not authorized to unilaterally determine that it is not required to comply with state laws and regulations." Response at 6.

21. To the extent the Parents claim that the District violated the IDEA and denied the Student a FAPE from July 10, 2024 to August 5, 2024, after RCW 28A.155.020 and WAC 392-172A-02000(2)(c) had been invalidated, the Student was not entitled to ESY services. Accordingly, the District was not required to provide special education and related services during that time.

22. It is also significant that the District has sent a letter offering to hold an IEP team meeting for the Student to discuss compensatory education consistent with the provisionally accepted settlement agreement in *N.D*. As a member of the class in that matter, the Student is already entitled to receive compensation for the FAPE denial



Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489
(800) 845-8830
(206) 587-5135 FAX

that resulted from the state's policy, in an amount to be determined by her IEP team. *N.D.,* 2024 U.S. Dist. LEXIS 211397 at *25. The Parents' counsel appears to argue that if the ALJ awards compensatory education in this case, the award made through the class action would be reduced. This procedure would be inconsistent with the preliminarily approved settlement agreement, which specifically assigned the task of awarding compensatory education to IEP teams. Given that the Student is already entitled to compensation for the services she missed as a result of the state's violation of the IDEA, that the Student's IEP team has already offered to meet to discuss compensatory education, and that the Student can challenge the IEP team's decision, it would not be appropriate for this tribunal to hold a due process hearing to address compensatory education *before* the IEP team has even been given a chance to consider it.

23. In conclusion, the District has established that RCW 28A.155.020 and WAC 392-172A-02000(2)(c) were in effect when the District exited the Student from special education services, and did not require the District to provide the Student with FAPE until her twenty-second birthday. Although decisions in *N.D.* subsequently invalidated those provisions, there is no authority for applying those decisions retroactively. Additionally, the District was not required to determine that it would refuse to comply with state statutes and regulations and policy based on its own interpretation of case law. Finally, the Student's IEP team has already offered to meet to discuss compensation for the state's FAPE violation, in keeping with the preliminarily accepted settlement agreement in the *N.D.* litigation. Therefore, the District has established that it is entitled to judgment as a matter of law.

<u>ORDER</u>

1. The Parents' Motion for Partial Summary Judgement is DENIED.

2. The District's Cross Motion for Summary Judgment is GRANTED.

3. The Parents' due process hearing request is DISMISSED.

SERVED on the date of mailing.

Dana Diederich

Dana Diederich
Administrative Law Judge
Office of Administrative Hearings



Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489
(800) 845-8830
(206) 587-5135 FAX

## Right To Bring A Civil Action Under The IDEA

Pursuant to 20 U.S.C. 1415(i)(2), any party aggrieved by this final decision may appeal by filing a civil action in a state superior court or federal district court of the United States. The civil action must be brought within ninety (90) days after the ALJ has mailed the final decision to the parties. The civil action must be filed and served upon all parties of record in the manner prescribed by the applicable local state or federal rules of civil procedure. A copy of the civil action must be provided to OSPI, Legal Services, PO Box 47200, Olympia, WA 98504-7200. To request the administrative record, contact OSPI at appeals@k12.wa.gov.



Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489
(800) 845-8830
(206) 587-5135 FAX

DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the state of Washington that true copies of this document were served upon the following as indicated:

| | |
|---|---|
| Parents<br>4024 Bagley Ave N<br>Seattle, WA 98103 | via E-mail<br>cjpelton@hotmail.com<br>peltonhomes@gmail.com |
| Alex Hagel<br>Lara Hruska<br>Cedar Law PLLC<br>600 1st Ave Ste 330<br>PMB 96563<br>Seattle, WA 98104-2205 | via E-mail<br>alex@cedarlawpllc.com<br>lara@cedarlawpllc.com<br>emma@cedarlawpllc.com |
| Rachel C. Disario<br>Senior Assistant General Counsel<br>Seattle School District<br>PO Box 34165, MS 32-151<br>Seattle, WA 98124-1165 | via E-mail<br>rcdisario@seattleschools.org<br>dacamacho@seattleschools.org |
| Susan Winkelman<br>Pacifica Law Group LLP<br>1191 Second Avenue, Suite 2000<br>Seattle, WA 98101 | via E-mail<br>susan.winkelman@pacificalawgroup.com<br>grace.mcdonough@pacificalawgroup.com |

Dated January 13, 2025, at Olympia, Washington.

Jazmyn Johnson
Representative
Office of Administrative Hearings
P.O. Box 42489
Olympia, WA 98504-2489