The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

S.P., by and through her guardians C.P. and D.P.,

    Plaintiffs,

v.

SEATTLE PUBLIC SCHOOLS, a quasi-municipal corporation,

    Defendant.

Case No. 2:25-cv-00286-BJR

**ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE**

## I.  INTRODUCTION

This matter comes before the Court on the parties' cross-motions for summary judgment. Pls.' Mot., Dkt. No. 18; Def.'s Resp. & Mot., Dkt. No. 19. Parents C.P. and D.P., as guardians of their daughter, S.P., initiated an administrative due process complaint against Seattle Public Schools ("District") pursuant to the Individuals with Disabilities Education Act ("IDEA" or "Act"), 20 U.S.C. § 1400 *et seq.* Compl., Dkt. No. 1. On cross-motions for summary judgment before an administrative law judge ("ALJ"), Parents argued that the District was liable for applying a now invalidated Washington law cutting off eligibility for special education services at the end of the school year in which a disabled student turned 21 years old. The ALJ rejected Parents' argument,

ORDER AFFIRMING DECISION OF ADMINISTRATIVE LAW JUDGE

- 1

concluding that the District was not responsible for independently determining whether it was required to comply with state laws and regulations. Parents now bring this action challenging the ALJ's order granting summary judgment in favor of the District. Having fully considered the materials and relevant legal authorities, the Court affirms the ALJ's decision. The reasoning for the Court's decision follows.

## II.  OVERVIEW OF RELEVANT LAW

### A.  Individuals With Disabilities Education Act ("IDEA")

The IDEA provides federal funds to States to pay for special education and related services for children with disabilities. In exchange, States must comply with certain conditions. *See Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 390 (2017). States must make a "free appropriate public education" ("FAPE") available to all children with disabilities. 20 U.S.C. § 1412(a)(1)(A). A FAPE includes special education and related services "reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F.*, 580 U.S. at 399; *Board of Educ. v. Rowley*, 458 U.S. 176, 200-03 (1982).

In general, the IDEA requires a State to provide a FAPE "to all children with disabilities residing in the State between the ages of 3 and 21, inclusive." 20 U.S.C. § 1412(a)(1)(A). That means that "a student's eligibility for IDEA services ordinarily ends on his [or her] twenty-second birthday." *E.R.K. ex rel. R.K. v. Hawaii Dep't of Educ.*, 728 F.3d 982, 986 (9th Cir. 2013). But the statute contains an exception: The obligation to provide a FAPE does not apply to children "aged 3 through 5 and 18 through 21 in a State to the extent that its application to those children would be inconsistent with State law or practice, or the order of any court, respecting the provision of public education to children in those age ranges." 20 U.S.C. § 1412(a)(1)(B)(i). In other words, a State

need not provide a FAPE to disabled students between the ages of 18 and 21 if the State does not provide a public education to nondisabled students in that same age range.

### B. Washington State Law and *Reykdal*[1]

Historically, Washington, which accepts IDEA funding, has required each school district in the State to ensure "an appropriate educational opportunity for all children with disabilities between the ages of three and twenty-one, but when the twenty-first birthday occurs during the school year, the educational program may be continued until the end of that school year." RCW § 28A.155.020; *see also* WAC § 392.172A.02000(2)(c); *id.* § 392.121.031 (defining a school year as "the annual period commencing on the first day of September of one calendar year and ending the last day of August of the ensuing calendar year"). Thus, under Washington law, disabled students lost their eligibility for special education upon the end of the school year in which they turned 21; they did not continue to receive such services all the way to their 22nd birthday.

In August 2023, Plaintiffs' counsel initiated a separate lawsuit, a putative class action, against the Washington State Office of Superintendent of Public Instruction ("OSPI") and Chris Reykdal, the State Superintendent of Public Instruction. *Reykdal*, 2023 WL 5632783. In that action, the plaintiffs argued that Washington law ending disabled students' eligibility for special education before the age of 22 violated the IDEA because the State provided nondisabled students who were 21 years or older free secondary education through two adult education programs.[2] *Id.* at *1.

The Court awarded plaintiffs declaratory relief, including a declaratory judgment that

> the state's policy of aging students out of special education at the end of the school year in which they turn 21 pursuant to [RCW] § 28A.155.020 and [WAC]

---

[1] *N.D. v. Reykdal*, No. 2:22-CV-01621, 2023 WL 5632783 (W.D. Wash. Aug. 31, 2023).

[2] Plaintiffs in the instant action were not named plaintiffs in *Reykdal*.

- 3

§ 392.172A.02000(2)(c) presently violates the IDEA, has violated the IDEA at all times during the two years preceding the filing of this lawsuit, and will continue to violate the IDEA absent a substantial change in the state's policies for charging and waiving tuition for its adult secondary education programs.

*N.D. v. Reykdal*, No. 2:22-CV-01621, 2025 WL 1736639, at *4 (W.D. Wash. June 23, 2025); No. 2:22-CV-01621, Dkt. No. 95 at 21-22.

On June 23, 2025, the Court granted final approval of a class settlement. *Reykdal*, 2025 WL 1736639, at *4. The certified class included "[a]ll students who were exited from special education services due to age before their 22nd birthday between November 11, 2020 and the present." *Id.* Additionally, the settlement provided a procedure through which class members could seek compensatory education, or in certain cases, monetary compensation. *Id.*

### III.   BACKGROUND

#### A. Factual Background

S.P. began receiving special education services at an early age due to multiple disabilities. Administrative Record ("AR") at 1; Summ. Judgm. Or. ¶ 1.[3] She began receiving special education services through the District in 2008. Summ. Judgm. Or. ¶ 2. S.P. was officially "exited" from special education services in June 2023, the end of the school year in which she turned 21 years old. *Id.* ¶¶ 4, 7-8.[4] She turned 22 years old on August 5, 2024. *Id.* ¶ 9.

---

[3] The ALJ's summary judgment order can be found at AR 633-44.

[4] Although officially exited from special education at this time, under the terms of a settlement agreement between Parents and the District, that is not at issue here, S.P. remained enrolled in the District during the 2023-2024 school year and received compensatory education services during that time. Summ. Judgm. Or. ¶¶ 5, 8.

- 4

### B. Procedural History

In September 2024, Parents filed an administrative due process complaint. AR at 1-4. Parents alleged that, consistent with the Court's findings in *Reykdal*, the District violated the IDEA by failing to provide S.P. with a FAPE after the school year in which she turned 21 years old. *Id.* at 2-4. Parents moved for summary judgment before the ALJ. *Id.* at 57-76. The District responded with a cross-motion for summary judgment. *Id.* at 492-99; Summ. Judgm. Or. at 1 n.2. The ALJ granted the District's motion for summary judgment. Summ. Judgm. Or. ¶ 23. The ALJ concluded, among other things, that OSPI, the state educational agency, rather than the District, the local educational agency, was responsible for interpreting Washington State law regarding age eligibility for special education services and determining whether State law conflicted with the IDEA. *Id.* ¶¶ 20, 23.

Parents initiated this action and filed the instant motion for summary judgment. Pls.' Mot. They request reversal of the ALJ's summary judgment order. *Id.* at 26-27. The District responds with a cross-motion for summary judgment. Def.'s Resp. & Mot.

### IV. LEGAL STANDARD

Pursuant to the IDEA, an aggrieved party may bring a civil action in federal district court after receiving the final decision of an ALJ. 20 U.S.C. § 1415(i)(2)(A). The party challenging the ruling bears the burden of proving that the ALJ's decision was not met by a preponderance of the evidence. *Clyde K. v. Puyallup Sch. Dist.*, 35 F.3d 1396, 1399 (9th Cir. 1994). Pure questions of law, such as statutory construction, are reviewed *de novo. See Reid ex rel. Reid v. District of Columbia*, 401 F.3d 516, 520 (D.C. Cir. 2005); *P.H. by and through Harris v. Compton Unified Sch. Dist.*, No. CV 21-219, 2024 WL 3511440, at *4 (C.D. Cal. June 20, 2024).

## V. DISCUSSION

The issue before the Court is whether the District may be held liable for implementing the now nullified Washington statute that cut off disabled students' eligibility for special education at the end of the school year in which they turned 21 years old. Parents argue that both the plain language of the IDEA and precedent support imposing liability on the District. Pls.' Mot. at 9-11. The Court disagrees.

First, under the plain language of the IDEA, the Act did not impose on the District an independent obligation, separate from OSPI, to interpret and apply Washington law in a manner consistent with the IDEA. The IDEA contains separate provisions related to funding eligibility for state educational agencies and local educational agencies. *Compare* 20 U.S.C. § 1412 (defining obligations for "State eligibility"), *with* 20 U.S.C. § 1413 (defining obligations for "Local educational agency eligibility"). The IDEA requires States to maintain policies and procedures to ensure that the State provides a FAPE "to all children with disabilities residing in the State between the ages of 3 and 21." 20 U.S.C. § 1412(a)(1)(A). To ensure "[c]onsistency with State policies," § 1413, in turn, requires that "[t]he local educational agency, in providing for the education of children with disabilities within its jurisdiction, has in effect policies, procedures, and programs that are consistent with the State policies and procedures established under section 1412 of this title." *Id.* § 1413(a)(1).

The language of § 1413 requiring that local educational agencies maintain policies and procedures consistent with those adopted by the State does not grant local educational agencies any discretion to apply their own interpretation of state law. Moreover, adopting Parents' reading of the statute would lead to absurd results: every school district would be empowered to implement policies and procedure based on its own interpretation of the relevant law. *See Arizona State Bd.*

- 6

*For Charter Schs. v. U.S. Dep't of Educ.*, 464 F.3d 1003, 1008 (9th Cir. 2006) ("'[S]tatutory interpretations which would produce absurd results are to be avoided.'" (quoting *Ma v. Ashcroft*, 361 F.3d 553, 558 (9th Cir. 2004))).

Second, the precedent that Parents cite to in support of their position is unpersuasive. It is true, as Parents point out, that courts have permitted IDEA cases to proceed against local educational agencies under certain circumstances. *See, e.g.*, *B.J.S. v. State Educ. Dep't*, 699 F. Supp. 2d 586, 600 (W.D.N.Y. 2010) (collecting cases); *M.C. by and through S.B. v. Los Angeles Unified Sch. Dist.*, No. 2:20-CV-09127, 2023 WL 11066079, at *1 n.1 (C.D. Cal. Aug. 9, 2023) (addressing motion for summary judgment in IDEA case brought against state and local educational agencies as joint defendants); *J.M. by and Through Mata v. Tennessee Dep't of Educ.*, 358 F. Supp. 3d 736, 747 (M.D. Tenn. 2018) (concluding that both state and local educational agencies were proper defendants in IDEA action). However, neither the IDEA nor precedent establish a clear and comprehensive set of rules regarding the proper division of liability between state and local educational agencies. Courts thus consider the specific facts of a case in light of the statutory language in determining state and local educational agencies' liability under the IDEA. *See, e.g.*, *Kalliope R. ex rel. Irene D. v. N.Y. State Dep't of Educ.*, 827 F. Supp. 2d 130, 141 n.3 (E.D.N.Y. 2010).

The Court has found no case addressing local educational agency liability in the context of a similar state law. But courts have found that the state educational agency is the proper defendant in an action that challenges a state policy or concerns systemic violations of the IDEA. *Id.* (noting that the state educational agency "is a proper defendant in this action, which challenges a [state] policy that allegedly interferes with the IEP development process for disabled students in a systemic manner"); *Corey H. v. Bd. of Educ. of City of Chicago*, 995 F. Supp. 900, 913 (N.D. Ill. 1998)

("[C]ourts have found that the state educational agency is responsible for a local school district's systematic failure to comply with an IDEA mandate."). Given that this case arises from a state policy, and in light of the respective duties of the state and local educational agencies under the IDEA, the District is not a proper defendant to this action.

The Court recognizes that the ALJ provided other grounds for her decision granting summary judgment in favor of the District. The Court finds it unnecessary to address those additional grounds and affirms the ALJ solely on the basis that the District is not a proper defendant to this action because the District was not responsible for independently determining whether it was required to comply with state laws and regulations.

## VI.   CONCLUSION

For the foregoing reasons,

1. The ALJ's order granting Defendant's motion for summary judgment is AFFIRMED.

2. Plaintiffs' motion for summary judgment (Dkt. No. 18) is DENIED.

3. Defendant's motion for summary judgment (Dkt. No. 19) is GRANTED.

DATED this 22nd day of September 2025.

Barbara Jacobs Rothstein
U.S. District Court Judge

- 8